UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BEATRIZ M. SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-872** |
| **PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, ET AL.** | **SECTION "L" (4)** |

## ORDER & REASONS

The Court has pending before it Plaintiff Beatriz M. Smith's Motion in Limine (Rec. Doc. 11-872) to exclude opinion testimony from a Louisiana State Trooper. Having reviewed the briefs and the applicable law, the Court now issues this Order and Reasons.

### I.     Background

This case arises out of car accident between Plaintiff Beatriz M. Smith, a resident of Kenner, Louisiana, and Defendant José L. Paez, a resident of Miami, Florida. Plaintiff alleges that on June 26, 2010, she was driving north on U.S. Route 61 in St. Charles Parish when the vehicle driven by Defendant Paez, negligently made a U-turn in front of her. In response, Plaintiff slammed on her brakes and swerved into the right lane, and in doing so struck the rear of Paez's truck before being struck herself by the dump truck behind her; the driver of the dump truck is not a party. Louisiana State Trooper Kory Borcherding investigated the accident and issued a citation to Plaintiff.

Plaintiff filed suit in this court against Paez and Progressive County Mutual Insurance Company, Paez's automobile liability insurer. Plaintiff seeks $960,000 in damages. Defendants have answered, denying liability and asserting that Plaintiff was at least in part at fault for the accident.

**II.     Present Motion**

Plaintiff Smith has filed a motion *in limine* regarding the expected testimony of Trooper Borcherding.  Plaintiff seeks to prohibit him from offering opinion testimony, including opinions regarding the cause of the accident and who was at fault or failed to comply with the law.  Defendants oppose the motion, contending that Trooper Borcherding is qualified to offer expert opinion testimony as an accident investigator.

**III.    Law & Analysis**

At the outset, the Court carefully notes the scope of Plaintiff's motion in limine.  Plaintiff does not object "to Trooper Borcherding testifying about facts within his knowledge, such as his observations when he arrived on the scene, any measurements that he took, any photographs that he took, the steps he took during his investigation, who he spoke to, what those witnesses said, and who reported injuries at the accident scene." (Rec. Doc. 17-1 at 2).[1]  Instead, Plaintiff seeks to exclude opinion testimony of Trooper Borcherding's conclusions as to witness credibility, causation of the accident, and who was at fault.  With that in mind, the Court will analyze whether any opinion testimony from Trooper Borcherding might be admissible.

The Federal Rules of Evidence divide opinion testimony into two categories: lay opinion and expert opinion.  Lay opinion testimony is governed by Rule 701:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the

---

[1] This is consistent with the Rules of Evidence and with case law. *E.g.*, *Iglinsky v. Player*, 2010 WL 4925000 at *4 (M.D. La. July 16, 2010) ("...Trooper Bordelon is permitted to testify as to other facts and circumstances surrounding the subject accident that he personally observed (such as where the vehicle was located when he arrived and any damage to the vehicle....").

scope of Rule 702.

Fed. R. Evid. 701.  Expert opinion testimony, on the other hand, is governed by Rule 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  The Court will address whether Trooper Borcherding's anticipated testimony regarding the cause of the accident and similar opinions is admissible as either lay or expert testimony.

First, courts routinely hold that a law enforcement officer not otherwise qualified as an expert may not offer lay opinion testimony regarding accident causation.  Thus, in *Duhon v. Marceaux*, the Fifth Circuit affirmed the district court's exclusion of a law enforcement officer's opinion testimony regarding the cause of a car accident.  33 F. App'x 703, 2002 WL 432383 at *4 (5th Cir. 2002).  The officer in *Duhon* was not qualified as an expert in accident reconstruction and did not personally witness the accident, and therefore the Fifth Circuit affirmed exclusion on the basis of the "general rule" that "police officers' **lay** opinions as to the cause of an automobile accident formed by viewing subsequent evidence at the scene are excluded under **Rule 701**."  *Id.* (quotations omitted); *accord Graves ex rel. W.A.G. v. Toyota Motor Corp.*, 2011 WL 4590772, at *9 (S.D. Miss. Sept. 30, 2011) ("The reconstruction opinion testimony of law enforcement officers, who are not competent to testify as accident reconstructionists, violates the evidentiary standards of Rule 701....") (citing *Duhon*).  The case cited by Defendant is not to the contrary.  *See Martin v. Pride Offshore Co.*, 1999 WL 4921, at

3

*1 (E.D. La. Jan. 6, 1999) (denying motion to strike affidavit of sergeant who "was competent to testify as an expert in this area").  Accordingly, Trooper Borcherding's opinions regarding the cause of the accident are not proper lay opinion testimony and cannot be admitted under Rule 701.

The dispute, then, is whether Trooper Borcherding may offer expert opinion testimony.  This inquiry implicates both Rule 702 and Federal Rule of Civil Procedure 26, which governs disclosure of witnesses offering expert opinion testimony.  To a certain extent, the parties argue past each other: Defendants argue in terms of Rule 702 that Trooper Borcherding is qualified as an expert in "accident investigation," while Plaintiff argues in terms of Rule 26 that Defendants never identified him as offering expert opinion testimony.

The Court will address the procedural issue first.[2]  Federal Rule of Civil Procedure 26 requires a party to disclose "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  Fed. R. Civ. P. 26(a)(2)(A).  In addition to disclosing the identity, if the witness is retained or specially employed to provide expert testimony in the case the disclosure must include a written report complying with certain requirements.  Fed. R. Civ. P. 26(a)(2)(B).  If the witness does not fall into that category and is not required to provide a written report, the disclosure need only state "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C).

---

[2]The Court does not view Plaintiff's motion as a *Daubert* motion challenging the admissibility of Trooper Borcherding's expert testimony.  Rather, it is a motion to prohibit a disclosed fact witness from offering inadmissible expert testimony.  Accordingly, the Court does not construe this motion as untimely per the pretrial deadline for motions "regarding the admissibility of expert testimony."

Trooper Borcherding was the investigating officer on the scene of the accident. Thus, he has not been retained or employed by any party and falls within the scope of Rule 26(a)(2)(C), rather than (a)(2)(B). He is in a position similar to "physicians or other health care professionals and employees of a party who do not regularly provide expert testimony." Fed. R. Civ. P. 26 advisory committee's note to 2010 amendments. Accordingly, if Defendants intended to use Trooper Borcherding to present expert testimony, Defendants were required to disclose that they might use him in that manner, state the subject matter of that expert testimony, and provide a summary of the facts and opinions to which he is expected to testify. Fed. R. Civ. P. 26(a)(2)(A), (a)(2)(C). The Court's scheduling order does not expressly address Rule 26(a)(2)(C) disclosures, and thus the disclosure should have been accomplished at least 90 days before trial. Fed. R. Civ. P. 26(a)(2)(D)(i).

The record does not reflect that Defendants made the requisite disclosures regarding Trooper Borcherding, timely or otherwise. Their witness list, filed on January 3, 2012, does not contain any indication that he would offer expert opinion testimony. (Rec. Doc. 16). Plaintiff argues that no other disclosure was made, and Defendants have not provided any evidence that this was done.

Failure to make the required Rule 26(a) disclosures prevents a party from using the undisclosed material, "unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). In deciding whether to exclude untimely-disclosed expert witness testimony, the Court should consider four factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007) (quoting *Geiserman v. MacDonald*, 893 F. 2d 787, 791 (5th Cir. 1990)).

5

The parties have not addressed these four factors.  The Court is without a sufficient basis to assess Defendants' explanation for failing to disclose Trooper Borcherding's intended expert testimony, the importance of that testimony, the prejudice to Plaintiff,[3] or whether a continuance is appropriate.  The Court notes that the parties have apparently retained accident reconstruction experts, and thus are fully aware of their expert disclosure obligations.  Moreover, with the availability of that expert testimony, Trooper Borcherding's personal opinions may be of less importance to Defendants.  On the state of this record, the Court is inclined to exclude Trooper Borcherding from offering expert opinion testimony as a result of Defendants' procedural failure to disclose that he would do so.  If Defendants can make a showing that the testimony should be permitted, the Court may later reconsider.  Because Trooper Borcherding's testimony is restricted on procedural grounds, the Court does not reach whether he is qualified to offer expert testimony.

A related issue is whether Trooper Borcherding, or any other witness, may testify that Plaintiff was issued a citation in connection with the accident.  The issuance of a citation after the accident is a fact and the parties have not drawn the Court's attention to any authority holding that such a fact must be kept from the jury.  But Trooper Borcherding will not be permitted to testify as to why he issued the citation or his expert opinions regarding the cause of the accident.  To the extent that any other expert witnesses have relied on Trooper Borcherding's opinions or accident report, the Court will address that matter in the fuller context of trial pursuant to Federal Rules of Evidence 703 and 705.

---

[3]Defendants assert that "Plaintiff will not be prejudiced by Trooper Borcherding testifying as an expert in the field of accident investigation as plaintiff scheduled and deposed Trooper Borcherding."  (Rec. Doc. 19 at 3).  The Court attributes little weight to this conclusory statement, particularly because the investigating officer will almost always be deposed whether or not a party is aware that the opposing party may intend to elicit expert testimony at trial.

**IV.     Conclusion**

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion in limine (Rec. Doc. 17) is GRANTED IN PART as set forth herein; Trooper Borcherding will be permitted to testify as to the facts he observed, but may not offer expert opinion testimony.

New Orleans, Louisiana, this  1st  day of  March , 2012.

_____
UNITED STATES DISTRICT JUDGE